IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN WATS OPINION MARKET RESEARCH CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE STRATEGIC RESEARCH,<br><br>Defendant. | **ORDER ADDRESSING MOTIONS IN LIMINE**<br><br>Case No. 2:05-CV-00596 |

Before the court are two motions in limine filed by Western Wats Opinion Market Research Center (#35 and #38), and one motion in limine filed by Oracle Strategic Research (#40). The court GRANTS Western Wats' motion in limine regarding the January 15, 2005 memorandum (#35) and DENIES its' motion in limine concerning Oracle's damages (#38). The court GRANTS in part and DENIES in part Oracle's motion in limine to exclude settlement discussions (#40).

Oracle seeks the exclusion of seven documents in its motion in limine (#40), arguing that the correspondence is inadmissible evidence of effort to compromise a disputed claim under Federal Rules of Evidence 408 and that admission of the correspondence would result in prejudice to Oracle that would substantially outweigh any probative value as detailed in Rule 403. Western Wats does not object to the exclusion of three of the documents – Exhibits E-G of Oracle's memorandum in support of its motion in limine – but argues that Exhibits A-D fall

outside the purview of Rule 408 because they are business communications made before the threat of litigation crystallized. Furthermore, Western Wats contends that Rule 403 does not apply in the context of a bench trial.

The court is persuaded that Exhibits A-D are admissible as evidence because these communications "had not crystallized to the point of threatened litigation" and were thus "business communications and not compromise negotiations."[1] The court, as the trier of fact in this case, also finds that Rule 403 does not operate to exclude these documents.[2] Consequently, the court admits as evidence Exhibits A-D, and excludes Exhibits E-G. At this current juncture, however, the court is inclined to afford minimal weight to the content of Exhibits A-D.

In addition to seeking the admissibility of the January 15, 2007 memorandum (Exhibit A discussed above), Western Wats moves the court to bar Oracle from offering any evidence at the time of trial regarding Oracle's alleged counterclaim damages (#38). Western Wats argues that Oracle failed to provide it with a computation of Oracle's alleged damages pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(C). Oracle contends the fact and amount of its damages are based on documentary and testamentary evidence that has been in Western Wats' possession for more than one year. Although Oracle may have technically violated Rule 26(a), the court finds that the failure to disclose is harmless because there has been no prejudice or surprise to Western Wats. Accordingly, the court will allow Oracle to offer evidence regarding its alleged damages. Nevertheless, the court recognizes that Oracle's violation of Rule 26(a) has resulted in

---

[1] *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1373 (10th Cir. 1997).

[2] *See Schultz v. Butcher*, 24 F.3d 626, 630-32 (9th Cir. 1994).

expense to Western Wats by way of these briefs. The court, therefore, would entertain a motion from Western Wats for a recovery of the costs associated with the drafting of this motion in limine.

In conclusion, the court GRANTS in part and DENIES in part Oracle's motion in limine to exclude settlement discussions (#40), and GRANTS Western Wats' motion in limine regarding the January 15, 2005 memorandum (#35). The court DENIES Western Wats' motion in limine concerning Oracle's damages (#38) but will entertain a motion for costs.

DATED this 17th day of April, 2007.

BY THE COURT:

PAUL G. CASSELL
United States District Judge